UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

PATRICK GUILLORY,

                        Plaintiff,

   v.                                          5:21-CV-1117 (GLS/ATB)

UPSTATE UNIVERSITY POLICE, et al.,

                        Defendants.

PATRICK GUILLORY, Plaintiff, pro se

ANDREW T. BAXTER
United States Magistrate Judge

## REPORT-RECOMMENDATION

Plaintiff filed this complaint on October 14, 2021 together with an application to proceed in forma pauperis ("IFP"). (Dkt. Nos. 1, 2). On October 25, 2021, after my initial review of the complaint, I found that plaintiff failed to state a claim in many respects. However, rather than recommending dismissal at that time, I issued an order, granting plaintiff's IFP application for purposes of filing, and giving plaintiff the opportunity to amend his complaint if he chose to do so. (Dkt. No. 4).

I afforded plaintiff forty five (45) days to submit an amended complaint, and noted that if plaintiff did not submit a proposed amended complaint or request an extension of time within which to do so, I would issue a report-recommendation based on the original filing. (Dkt. No. 4 at 9). The deadline for plaintiff to file his proposed amended complaint or request an extension of time to do so has now passed, and the original complaint has been returned to me for further action.

**I.     IFP Application**

In my October 25, 2021 order, I found that plaintiff was financially eligible for IFP status, and granted his motion for purposes of filing. I also noted that, in addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915 (e)(2)(B)(i) - (iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain

sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555).

## II. Complaint

For clarity, I will repeat the facts as I stated in my October 25, 2021 order. Plaintiff has captioned his complaint as a "federal lawsuit for retaliation for engaging in protective [sic] conduct" under § 1983.[1] (Compl. at 5-6). He states that on or about September 2, 2021, his "soon to be wife"[2] Karrie Poirier was a patient of defendant Upstate Hospital. (*Id.* at 6). Plaintiff further states that he had an "issue" with several charge nurses who he names as Jane Doe defendants, "on the grounds that [he] objected to [their] medical advice regarding [Ms. Poirier] who currently resides on 6K at Upstate Medical University." (*Id.*). Specifically, plaintiff alleges that the "defendants" were "trying to release" Ms. Poirier from their care. (*Id.*). Plaintiff "objected" to this decision, citing the fact that Ms. Poirier "has to walk up 21 steps to go back into her home," and the defendants "knew or should have known that [Ms. Poirier] can go up

---

[1]Plaintiff has included a form Age Discrimination in Employment Act ("ADEA") complaint with his filing. (*See* Compl. at 1–4). The majority of the form ADEA complaint refers the court to the attached § 1983 complaint prepared by plaintiff. Because plaintiff's allegations have nothing to do with his employment, and he has explicitly labeled his complaint as a "lawsuit for retaliation under Title 42 Section 1983," the court assumes that the form complaint pursuant to the ADEA was included in error, and will not assess the sufficiency of plaintiff's allegations to raise a claim based on employment discrimination.

[2]Plaintiff later refers to Ms. Poirier as his girlfriend. (Compl. at 7-8).

only six steps." (*Id.*). Plaintiff alleges that upon learning of the defendants' decision to discharge Ms. Poirier, he responded by stating, "[Oh] hell no . . . you are not releasing her . . . I have to call the Fire Department and call 911 to assist my girl up the stairs." (*Id.*). Plaintiff states that Ms. Poirier is a "type 1 diabetic" who requires "dialysis three (3) times a week and four (4) hours a day." (*Id.* at 7).

Plaintiff alleges that after hearing his "objection," the defendant "nurses asserted that since [plaintiff] objected to their bogus medical malpractice," he is now "not allowed to visit [Ms. Poirier]." (*Id.*). He states that he "filed a complaint . . . [and] now [he] is banned from seeing [her]." (*Id.*). Plaintiff states that the defendant Upstate University Police subsequently contacted him to advise that he is also prohibited from "even calling Upstate Hospital and speaking to nurses and doctors." (*Id.*). He can only communicate with Ms. Poirier on her cell phone. (*Id.*).

Plaintiff states that "the nurse" alleges that he threatened her by stating that he would file a lawsuit with respect to this incident. (*Id.*). Plaintiff disputes that he "threatened" the nurse, and states that it is his "constitutional right to file a lawsuit." (*Id.*). He states that the nurse did not call security or the defendant Upstate University Police that day. (*Id.*). Plaintiff states that Ms. Poirier "may soon die," and that he will "not be able to see her remains." (*Id.*).

Plaintiff alleges that the defendants have denied him the ability to see or communicate with Ms. Poirier in retaliation for "filing a complaint" and "object[ing] to a safety issue" relative to Ms. Poirier's medical care. (*Id.* at 6-8). In addition to actual and punitive damages, plaintiff seeks an injunction against the defendants "for coming

4

up with bogus charges . . . because [he] objected and filed a complaint prior to their retaliation for engaging in protected conduct." (*Id.* at 8).

### III. First Amendment Retaliation

#### A. Legal Standards

"To plead a First Amendment retaliation claim a plaintiff must show: (1) he has a right protected by the First Amendment; (2) the defendant's actions were motivated or substantially caused by his exercise of that right; and (3) the defendant's actions caused him some injury." *Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) (citing *Curley v. Village of Suffern*, 268 F.3d 65, 73 (2d Cir. 2001)).

With respect to the first prong, the Second Circuit has held that the right to complain to public officials is conduct protected by the First Amendment, and the rights incorporated in the First Amendment include the right to be free from retaliation for exercising those rights. *See Nolen v. Aldrich Pub. Libr.*, No. 2:11-CV-183, 2013 WL 3967924, at *6 (D. Vt. July 31, 2013) (citing *inter alia Dougherty v. Town of North Hempstead*, 282 F.3d 83, 91 (2d Cir. 2002)); *see also Puckett v. City of Glen Cove,* 631 F. Supp. 2d 226, 240 (E.D.N.Y. 2009).

As to the third prong, the Second Circuit has held that the "the harm or injury required to allege a First Amendment retaliation claim varies depending on the factual context."[3] *Morales v. Valley Stream Union Free Sch. Dist. 24*, No. CV 18-3897, 2019 WL 5874136, at *4 (E.D.N.Y. Aug. 14, 2019), *report and recommendation adopted*,

---

[3]"For example, public employees must show adverse employment action . . . [and] [f]or their part, inmates must show retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising . . . constitutional rights." *Zherka v. Amicone*, 634 F.3d 642, 645 (2d Cir. 2011) (internal citations and quotation marks omitted).

5

2019 WL 4253975 (E.D.N.Y. Sept. 9, 2019) (citing *Zherka v. Amicone*, 634 F.3d 642, 643 (2d Cir. 2011)). Private citizens alleging retaliation for their criticism of public officials are generally required to show that the alleged adverse action taken in retaliation resulted in actual chilling of their exercise of their constitutional right to free speech. *See Vaher v. Town of Orangetown*, 916 F. Supp. 2d 404, 430 (S.D.N.Y. 2013)); *see also Zherka*, 634 F.3d at 643. "In other private citizen cases, however, the Second Circuit has dispensed with the "chilling" requirement, where the retaliation is alleged to have caused an injury separate from any chilling effect." *Morales,* 2019 WL 5874136, at *4 (citing *Gill v. Pidlypchak*, 389 F.3d 379, 383 (2d Cir. 2004) (holding that "chilling" is only required in cases where a plaintiff states no harm independent of the chilling of speech)); *see also Dorsett v. County of Nassau*, 732 F.3d 157, 160 (2d Cir. 2013) ("Chilled speech is not the *sine qua non* of a First Amendment claim. A plaintiff has standing if he can show either that his speech has been adversely affected by the . . . retaliation . . . or that he has suffered some other concrete harm.").[4]

### B. Application

Liberally construed, plaintiff's complaint alleges that the defendants banned him from Upstate Hospital and prohibited him from communicating with Ms. Poirier and her providers, in retaliation for "objecting" to the medical care being provided to her. For the following reasons, the court finds that plaintiff's complaint is subject to

---

[4]*But see Zherka*, 634 F.3d at 645 (Explaining that the purpose of § 1983 is that it "provide[s] a remedy when federal rights have been violated through the use or misuse of a power derived from a State. To that end, a requirement that plaintiffs allege 'actual chilling' ensures an identified injury to one's right to free speech is established. Hurt feelings or a bruised ego are not by themselves the stuff of constitutional tort.") (internal quotation marks and citations omitted).

dismissal.

### 1. Upstate Hospital and Upstate University Police

Plaintiff has named Upstate Hospital and Upstate University Police as defendants in this matter. The court presumes that the plaintiff is referring to Upstate University Hospital, which is a part of the State University of New York ("SUNY") Upstate Medical University.[5] It is well settled that neither the State of New York, nor its agencies, may be sued under § 1983 because Congress did not abrogate the State's immunity for such claims. *See Barnes v. New York State Div. of Human Rights*, No. 14 Civ. 2388, 2016 WL 110522, at *7 (S.D.N.Y. Jan. 8, 2016) (section 1983 did not abrogate states' immunity) (citing inter alia *Jones v. New York State Metro D.D.S.O.*, 543 F. App'x 20, 22 (2d Cir. 2013)). Accordingly, plaintiff's § 1983 retaliation claim against the hospital is barred by the sovereign immunity protection of the Eleventh Amendment. *See Campbell v. New York City*, No. 12-CV-2179, 2012 WL 3027925, at *3 (E.D.N.Y. July 23, 2012) ("[P]laintiff's § 1983 claims against the Hospital are barred by the . . . Eleventh Amendment because this hospital is a branch of SUNY."); *Dube v. State University of New York*, 900 F.2d 587, 594-95 (2d Cir. 1990) (Eleventh Amendment bars § 1983 suit against SUNY, which is an integral part of the State of New York); *Ding v. Bendo et al.*, No. 03-CV-1237, 2006 WL 752824, at * 3-4 (E.D.N.Y. Mar. 23, 2006) (dismissing plaintiff's § 1983 claims against SUNY Downstate Medical Center because "SUNY and the defendant doctors in their official capacity enjoy immunity from suit under the Eleventh Amendment").

---

[5]*See* https://www.upstate.edu/ (Last visited December 10, 2021).

The Upstate Police Department likewise operates as an 'arm of the State,'[6] and is equally subject to Eleventh Amendment immunity. *See Reese v. Breton*, No. 3:18-CV-1465, 2020 WL 998732, at *5 (D. Conn. Mar. 2, 2020) (citing *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989)) (Eleventh Amendment immunity extends to "government entities that are considered 'arms of the State'").

Furthermore, neither entity is considered a "person" within the meaning of § 1983. *See Stewart v. John Dempsey Hospital*, No. 3:03-CV-1703, 2004 WL 78145, at *2 (D. Conn. Jan. 9, 2004) (holding that John Dempsey Hospital University of Connecticut Health Center is not a person within the meaning of Section 1983); *Gilliam v. Black*, No. 3:18-CV-1740, 2019 WL 3716545, at *5 (D. Conn. Aug. 7, 2019) ("[A]s state agencies or departments or divisions within state departments, neither UCONN, nor the Connecticut State Police, nor the Department of Correction is a person subject to liability under Section 1983.").

For these reasons, plaintiff's § 1983 retaliation claims against Upstate Hospital and the Upstate University Police should be dismissed.

### 2. John/Jane Doe Nurses and Doctor

Unlike the aforementioned state entities, plaintiff may sue individual state employees for retaliation under § 1983, such as the unidentified nurses and doctor named in his complaint. However, as discussed in my prior order, plaintiff's allegations against the unnamed defendants in this case fail to state a claim upon which relief may be granted. To begin, plaintiff has failed to sufficiently articulate the specific, protected

---

[6] *See* https://www.upstate.edu/universitypolice/about/index.php (Last visited December 10, 2021).

speech which forms the basis of his retaliation claim. At one point in the complaint, the plaintiff describes the protected speech at issue as his verbal "objection" to the hospital staff. (Compl. at 6-7). Later, plaintiff asserts that the protected speech at issue is some, unspecified "filed . . . complaint." (*Id.* at 7). It is unclear, however, if plaintiff filed an internal complaint with the hospital, or if he is referring to the instant federal complaint which he subsequently filed. To be sure, the latter does not suffice to form the basis of plaintiff's claim. *See Figueroa v. Holmes*, No. 9:13-CV-48 (FJS/ATB), 2013 WL 5702269, at *7 (N.D.N.Y. Oct. 18, 2013) (adverse action occurring before the alleged protected conduct could not have been in retaliation for the exercise of plaintiff's constitutional rights).

    Plaintiff's complaint is further flawed for failure to allege the actionable conduct attributable to each individual defendant. Instead, plaintiff vaguely refers to the defendants and their alleged actions in the collective, failing to provide any factual basis distinguishing between the acts of each defendant. *See, e.g., Atuahene v. City of Hartford*, 10 Fed. App'x 33, 34 (2d Cir. 2001) (noting that the complaint "alleging a host of constitutional and state common law claims" initially "failed to differentiate among the defendants, alleging instead violations by 'the defendants,'" and then later "still fail[ed] to identify which defendants were alleged to be responsible for which alleged violations" when the plaintiff "replaced the allegations against 'the defendants' with the names of all of the defendants"); *Elias v. City of New York*, No. 10-CV-5495, 2010 WL 5475809, at *3 (S.D.N.Y. Dec. 30, 2010) (dismissing complaint that "attribute[d] discrimination, retaliation, and disparate treatment generally to

9

'Defendants,' without distinguishing their individualized conduct") (internal citation omitted).

"Simply stated, the allegations contained within plaintiff's complaint are not drafted in a manner that allows for the court to meaningfully analyze plaintiff's claims pursuant to 28 U.S.C. § 1915(e), nor would the allegations permit any of the defendants a fair opportunity to intelligently respond and thereby allow this case to proceed in an orderly manner." *Maretta-Brooks v. Hanuszczak*, No. 5:18-CV-0426 (DNH/DEP), 2018 WL 2021480, at *7 (N.D.N.Y. Apr. 26, 2018). Accordingly, I recommend that plaintiff's remaining retaliation claims be dismissed as frivolous. *See Gonzalez v. Ocwen Home Loan Servicing*, 74 F. Supp. 3d 504, 520 (D. Conn. 2015), *aff'd,* 632 Fed. App'x 32 (2d Cir. 2016) (Where a complaint is "fatally vague, ambiguous, or otherwise unintelligible, it is properly subject to dismissal as 'frivolous.'").

## IV.   Opportunity to Amend

### A.   Legal Standards

Generally, when the court dismisses a pro se complaint *sua sponte*, the court should afford the plaintiff the opportunity to amend at least once; however, leave to re-plead may be denied where any amendment would be futile. *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993).

### B.   Application

This court has already afforded plaintiff the opportunity to amend, which plaintiff has squandered.[7] Thus, the court will recommend dismissing plaintiff's complaint

---

[7] It bears noting that as a result of his repeated frivolous filings in this district, and in conjunction with a separate pro se matter, plaintiff has been referred for the issuance of a pre-filing

10

without the further opportunity to amend.

**WHEREFORE**, based on the findings above, it is

**RECOMMENDED**, that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** under 28 U.S.C. § 1915(e)(2)(B)(ii).

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: December 14, 2021

_____
Andrew T. Baxter
U.S. Magistrate Judge

---

injunction permanently enjoining him from filing any other pro se cases in the Northern District without leave of the Chief Judge. *See Guillory v. Nursing Supervisor,* No. 5:21-CV-1177 (ATB/DNH), 2021 WL 5585926, at *1 (N.D.N.Y. Nov. 30, 2021).